Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 JUL 10 PM 3: 30

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

EDDIE YOKENO, aka MATAO YOKENO, )
as Trustee and Secretary-Treasurer of Able )
Industries of the Pacific; and ABLE )
INDUSTRIES OF THE PACIFIC, )
                        )
         Plaintiffs, )
                        )
         vs. )
                        )
ELMORE COTTON, JOAQUIN LEON )
GUERRERO, JENNIFER DUFFIE, )
PATRICIA MAE COTTON, and )
FRANCISCO FLORIG, )
                        )
         Defendants. )
_____ )

CIVIL CASE NO. CV1163-09

DECISION AND ORDER

On July 22, 2011, a hearing on the Motion to Dismiss came before the HONORABLE VERNON P. PEREZ. Attorney Benjamin F. Hueber represented Plaintiff. Attorney Jacques G. Bronze represented Defendants. On November 10, 2011, a hearing on the Motion to Intervene came before the Court. Attorney Joseph C. Razzano represented Plaintiff. Attorney Mark S. Smith represented Defendants. Attorney Richard Johnson represented First Hawaiian Bank. The Court took the motions under advisement. After having heard the Parties' arguments and considering the pleadings and the record, the Court now issues the following Decision and Order.

**BACKGROUND**

This case arises from a complaint for Declaratory and Injunctive Relief as well as other claims for Breach of Fiduciary Duty and Appointment of Provisional Director. Plaintiff Eddie Yokeno (hereinafter "Plaintiff") alleges that Defendant Elmore Cotton (hereinafter "Defendant Cotton") and others, breached their fiduciary duty and held a special meeting of the Board of Trustees for Able Industries of the Pacific (hereinafter "Able") without authority and permission of the Plaintiff. The following list of motions have followed from the inception of this case: Plaintiff's Motion for Preliminary Injunction filed August 4, 2009, Defendants' Motion to

*Yokeno v. Cotton, et. al.,*
Decision and Order
Civil Case No. CV1163-09         Page 1 of 6

Dismiss or in the Alternative to Stay Proceedings filed August 24, 2009, Defendants' Motion to Dismiss Amended Complaint filed October 16, 2009. Plaintiff's Ex-Parte Motion for Temporary Restraining Order and Ex-Parte Motion for Receivership filed December 2, 2009, Plaintiff's Ex-Parte Motion to Lift Stay filed November 10, 2010, Plaintiff's Motion to Compel filed September 26, 2011, Defendants' Ex-Parte Motion to Shorten Time and Motion for Protective Orders filed September 21, 2011, Defendants' Motion to Release Funds Held in the Court Registry Account (hereinafter "Motion to Release") filed August 31, 2011 and First Hawaiian Bank's (hereinafter "FHB") Ex-Parte Motion to Intervene. Throughout the duration of this case, there have also been several motions regarding withdrawal and substitution of counsel.

This Court ordered to stay proceedings in its May 12, 2010 Order until the resolution of the parallel District Court of Guam case CV09-00019. Then, this Court lifted the stay on April 18, 2011 pursuant to stipulation by the Parties. Thus, the Motion to Stay has been resolved. The Court also recently resolved Defendant's Motion to Release funds Held in the Court Registry Account. The Court currently has Defendants' Motion to Dismiss and FHB's Motion to Intervene under advisement. However, this Decision and Order will mostly address the Motion to Dismiss, since on January 26, 2012, FHB filed Withdrawal [sic] of FHB's Motion to Intervene filed October 27, 2011.[1] The Court has yet to hear arguments regarding Plaintiff's Motion to Compel, Plaintiff's Motion for Receivership, Plaintiff's Motion for Preliminary Injunction, Plaintiff's Motion for Temporary Restraining Order and Defendants' Motion for Protective Order. Any other Motion shall be addressed by the Court subsequent to this Decision and Order.

DISCUSSION

## I.    Standard

Defendant moves this Court to dismiss Plaintiff's claims pursuant to Rule 12 and Rule 23.1 of the Guam Rules of Civil Procedure. Rule 12 provides that "every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party

---

[1] FHB argued there were no longer any funds remaining in the Court's registry. Thus, the basis for the Motion to Intervene no longer exists and is moot.

claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: …(6) failure to state a claim upon which relief can be granted." GRCP Rule 12(b)(6).

Under Rule 12(b)(6), the facts in the complaint are presumed to be true, and the complaint is liberally construed in favor of the Plaintiff. *See Abramson v. Brownstein*, 897 F.2d 389 (9th Cir. 1990). "The Rule 12(b)(6) motion…only tests whether the claim has been adequately stated in the complaint." Wright & Miller, Federal Practice and Procedure: Civil 2d § 1356 p. 298. "Thus, on a motion under Rule 12(b)(6), the court's inquiry essentially is limited to the content of the complaint." *Id.* The Court should not dismiss the complaint merely because the Court doubts the Plaintiff will prevail in the action. *See id.* p. 340. Furthermore, the purpose of a 12(b)(6) motion is to assess the legal feasibility of the complaint, not to weigh the evidence which the plaintiff offers or intends to offer; the motion should not be granted on the ground that possibility of ultimate recovery is remote. *See Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F.Supp. 1314 (S.D.N.Y. 1989). Generally, a motion to dismiss should be disfavored and doubts should be resolved in favor of the pleader. *See Williams v. Gorton*, 529 F.2d 668 (9th Cir. 1976). However, should the Complaint fail to state a claim, dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996) (overruled on other grounds).

First and foremost, the Court would like to identify Plaintiff's claim as a derivative suit. Plaintiff himself filed this matter as Secretary and Treasurer for Able. This suit rests on his ability to make a claim on behalf of Able and not on behalf of himself. The Court agrees with Defendant that this request is based on a derivative suit. Defendants contend that Plaintiff's complaint lacks particularity and specificity. Mainly, Defendants argue that Plaintiff did not detail what he believes will cause "immediate and irreparable harm". *See* Defendants' Motion to Dismiss at 5. Plaintiff argues that he pleaded with Defendant Cotton to "reverse" the "course" of his actions. Plaintiff's Opp. at 4; ¶¶16-17 of Plaintiff's Amended Verified Complaint. The Court finds that Plaintiff has put forth a derivative action. Therefore, as to Defendant's Motion to Dismiss under Rule 12(b)(6), Plaintiff has not failed to state an actionable claim.

## II.    Rule 23.1

Defendants also bring this motion under Rule 23.1, which provides:

> In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains, or that the plaintiff's  share or membership thereafter devolved on the plaintiff by operation of law. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority, and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. The action shall not be dismissed or compromised without  the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs.

GRCP 23.1 (2012).  Defendants argue that Plaintiff Yokeno is barred from bringing a derivative action here as the complaint does not "allege with particularity" the efforts made by Plaintiff to obtain the action he desires. GRCP Rule 23.1.  Defendant argues that Plaintiff's action cannot be maintained if it appears that Plaintiff did not fairly represent the interests of the members similarly situated. *Id.*

The Court finds Defendants' arguments strong yet inadequate, as Plaintiff explained in his Amended Complaint that he attempted to get Defendant Cotton to cease and desist his wrongful and unlawful actions. Plaintiff's Amended Complaint ¶16. In addition Plaintiff wrote that future efforts would also be futile. *Id.* Plaintiff also claims that he was voted off the board after attempting to review and inspect the corporation records. As to any argument by Defendants that Plaintiff's claim lacks specificity or does not establish futility, the Court disagrees.  Plaintiff has indeed made particular statements in his amended complaint as to his efforts before bringing this action. Finally, the actions taken by plaintiff regarding meeting with Defendant Cotton and asking him to stop his actions, attempting to access records corporate

records and objecting to the special meeting would constitute a demand in satisfaction of Rule 23.1.

In the present case, Plaintiff made Defendant Cotton aware that he was potentially in violation of his duties as trustee and what actions he has taken that were improper. Plaintiff alleges with specificity that he told Defendant Cotton his actions relating to the holding of the meeting and running of Able were unlawful and wrongful. The Court does not find that Rule 23.1 requires more from a plaintiff than what Plaintiff did here.

As to the futility of pleading requirement, Plaintiff explained to Defendant Cotton that he could not act without Plaintiff's approval. The Court finds that Plaintiff's actions constituted a demand and in the alternative, any efforts Plaintiff could have made would have been futile as evidenced by Defendant Cotton's continuing disregard for Plaintiff. The Court does not anticipate a scenario where Plaintiff could dissuade Defendant Cotton from continuing the meeting and his course of actions that led to Plaintiff's removal and potentially Able's losses.

Defendants also claim that Plaintiff lacks standing as he is not a shareholder in Able.[2] In return, Plaintiff contends that Rule 23.1 specifically allows a derivative suit to a "member" enforcing the right of the corporation or unincorporated association. Plaintiff's Opposition to Defendants' Motion to Dismiss at 6. The Court finds that Rule 23.1 specifically names members as potential Plaintiffs in a derivative suit. Thus, the Plaintiff has standing under Rule 23.1.

## IV. Rule 8

Defendants argue that Plaintiff fails to state sufficient facts in his complaint in violation of Rule 8 of GRCP. The Court finds that a Rule 23.1 action is subject to Rule 8 requirements and that Plaintiff has complied with those requirements. In the amended complaint, Plaintiff alleges that Defendant Cotton held a special meeting without permission of Plaintiff in violation of the corporate procedures requirements. That statement of facts alone would be sufficient if true to satisfy Rule 8. In addition with this finding along with the findings made above, Plaintiff satisfied the requirements of Rule 8.

---

[2] Defendants argue standing cannot be granted in a derivative suit where the Plaintiff is not a shareholder under *Shell Petroleum, N.V., v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983).

## V.    Request for Stay

Parties have stipulated for a lift of the stay on the case. The Defendants' alternative motion for the stay of these proceedings is moot and will not be discussed further.

## VI.    Negligence

Defendant argues that Plaintiff fails to state a cause of action in his Fourth Claim. To support his argument, Defendant explains that there is no cause of action for negligence against a corporation's officers. The Court agrees with Defendant that the business judgment rule creates a higher standard of negligence and simple negligence would normally not suffice. Yet, here the activities, if proven to be true, alleged of Defendant Cotton appear to be intentional and maintain no business purpose. *Joy v. North*, 692 F.2d 880, 886, (2d Cir. 1982), cert denied, 460 U.S. 1051, (1983); *see also FDIC v. Jackson*, 133 F.3d 694, 700 (9th. Cir. 1998). Alleged activities such as knowingly calling a special meeting violation of the corporate procedures requirements and working to remove Plaintiff from the board of trustee without a meritorious reason   Therefore, the Court is not confident that the higher negligence standard applies to the Defendant actions and the Court needs more evidence to make that determination. As to the argument that Plaintiff's negligence claim is invalid, Defendants' Motion to Dismiss is denied.

## CONCLUSION

Defendants' Motion to Dismiss is **DENIED** and FHB's Motion to Withdrawal [sic] Its Motion to Intervene is **GRANTED**.

So ORDERED this 10th day of July 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify the foregoing is a full true and correct copy of the ORIGINAL on file in the Office of the Clerk of Court, Superior Court of Guam.

JUL 10 2012

JERRINE R.J. QUENGA
DEPUTY CLERK, Superior Court of Guam